

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMOND B. CICOTTE,

        Plaintiff,

v.                                                                                      Case No. 04-70904
                                                                                        Honorable Patrick J. Duggan
KSR INTERNATIONAL CO.[1],

        Defendant.
_____/

**OPINION AND ORDER**[2]

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 27, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiff Edmond Cicotte ("Cicotte") filed this lawsuit on March 10, 2004, claiming that Defendant KSR International Co. ("KSR") makes, uses, sells, and offers for sale adjustable pedal systems that infringe claim 8 of Cicotte's patent, U.S. Patent 5,823,064 ("the '064 patent"). The '064 patent describes an adjustable automobile pedal assembly that allows the driver of a vehicle to adjust the accelerator, clutch,

---

[1] Plaintiff initially named KSR International, Inc. as the defendant; however, by stipulated order on September 29, 2004, the caption was amended to change the name of the defendant to KSR International Co.

[2] To aid the Court in understanding the issues involved in this matter, particularly the mechanics of the systems involved, the Court sought– after receiving the parties' consent– the assistance of an expert, Richard D. Grauer of the law firm Rader, Fishman, and Grauer. The Court would like to extend its sincerest gratitude to Mr. Grauer for his expert advice and assistance in this matter.

and/or brake pedal relative to the driver to achieve better driving comfort. Currently pending before the Court is KSR's motion for summary judgment based on invalidity, 35 U.S.C. § 102. KSR contends that claim 8 of the '064 patent is invalid as anticipated by prior art, specifically German Patent No. DE 41 22 629 A1 (the "German patent").[3]

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at

---

[3]In support of its motion for summary judgment, KSR has submitted a cd-rom prepared by its expert, Daniel H. Kruger, containing a comparison of the words of the asserted claim 8 of the '064 patent and a computer animation of the pedal system described in the German patent. Cicotte has filed a motion to strike Kruger's declaration and computer animation. The Court concludes that it does not need the demonstrative evidence submitted by KSR in order to construe the relevant claims, as it is able to understand the German patent from its claims and diagrams. The Court therefore will deny Cicotte's motion as moot.

2

2512.

The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. See id. at 255. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." See id.

## Applicable Law and Analysis

To be patentable, an invention must be new. 35 U.S.C. § 101. An invention therefore cannot be patented if *inter alia* "(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for the patent" or "(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102. If such "prior art" discloses every limitation of the claimed invention, either expressly or inherently, the patent for the claimed invention is considered to be "anticipated" and therefore invalid. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001). Each prior art reference must "describe the applicant's claimed invention sufficiently to have placed it in possession of a person of ordinary skill in the field of the invention." *In re Paulsen*, 30 F.3d 1475, 1479 (Fed. Cir. 1994)(citing *In re Spada*, 911 F.2d 705, 708 (Fed. Cir. 1990)).

By statute, however, a patent enjoys a presumption of validity. 35 U.S.C. § 282. "Consequently, 'a moving party seeking to invalidate a patent at summary judgment

must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise." *Chrimar Sys., Inc. v. Cisco Sys., Inc.*, 318 F. Supp. 2d 476, 491 (E.D. Mich. 2004)(quoting *Eli Lilly & Co. v. Barr Labs.*, 251 F.3d 955, 962 (Fed. Cir. 2001)). While anticipation under Section 102 is a question of fact, "it still may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Telemac Cellular Corp.*, 247 F.3d at 1327.

The German patent was published on January 14, 1993. *See* Mot., Stark Decl. Ex. 5 & 6. Cicotte admits that his claimed invention was not made until late 1993. *See id.* Ex. 3. Therefore, if the four corners of the German patent describe every element of Cicotte's invention, the German patent constitutes prior art that invalidates the '064 patent. To make this determination, the Court first must construe the relevant patent claims.

"'The construction of claims is simply a way of elaborating the normally terse claim language in order to understand and explain, but not change, the scope of the claims.'" *Embrex, Inc. v. Serv. Eng'g Corp.*, 216 F.3d 1343, 1347 (Fed. Cir. 2000)(quoting *Scripps Clinic v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir. 1991)). Therefore, "'resort must be had in the first instance to the words of the claim,' words [which are ascribed] their ordinary meaning unless it appears the inventor used them otherwise." *Bell Communications Research, Inc. v. Vitalink Communications Corp.*, 55 F.3d 615, 620 (Fed. Cir. 1995)(quoting *Environtech Corp. v. Al George, Inc.*, 730 F.2d 753, 759 (Fed. Cir. 1984)). "[I]t is equally 'fundamental that claims are to be construed in light of the specifications and both are to be read with a view to ascertaining the

4

invention.'" *Id.* (quoting *United States v. Adams*, 383 U.S. 39, 49, 86 S. Ct. 708, 713 (1966)). "It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). The court may consider extrinsic evidence as an aid to understanding the technology, but not for purposes of claim construction unless the intrinsic evidence is ambiguous. *Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys.*, 132 F.3d 701, 706 (Fed. Cir. 1997).

Claim 8 of the '064 patent provides:

> The adjusting method as claimed in claim 1 further comprising the step of:
>
> providing a means for mounting said opposite end of said rotatable link means to a frame member.

'064 Patent col.12 l.19 (filed Nov. 19, 1996).

Claim 1 provides:

> A method for adjusting a pedal arm adapted to rotate about an axis of pedal arm rotation with respect to a datum point on a reaction member, said method comprising the steps of:
>
> positioning a first pivot axis in one end of a rotatable link means and a second pivot axis in an opposite end of said rotatable link means, said first pivot axis of said rotatable link means being positioned such that said first pivot axis is said axis of pedal arm rotation;
>
> *immobilizing said rotatable link means with respect to said reaction member by attaching said rotatable link means to said reaction member at said datum point;*
>
> positioning an axis of rotation a predetermined distance from said axis of pedal arm rotation in one of said

>   pedal arm and said rotatable link means, said
>   predetermined distance being no greater than the
>   distance between said first and second pivot axes;
>
>   placing a rotatable member about said axis of rotation in
>   one of said pedal arm and said rotatable link means,
>   said rotatable link member engaging the other of said
>   pedal arm and said rotatable link means;
>
>   fixing said rotatable member to said one of said rotatable
>   link means and said pedal arm such that said
>   rotatable member rotates about said axis of rotation;
>   and
>
>   rotating said rotatable member about said axis of rotation
>   to move the other of said rotatable link means and
>   said pedal arm and rotatively displace said other of
>   said pedal arm and said rotatable link means about
>   said axis of pedal arm rotation to provide adjustment
>   of said pedal arm.

'064 patent col.11 l.19-50 (emphasis added). The pending motion focuses on the italicized language in claim 1; and the only term in dispute within that language is the term "reaction member."

In its motion for summary judgment, KSR argues that the limitation italicized above is expressly or inherently represented in the German patent where the latter "discloses a rotatable link means (e.g., the rotatable coupling arm 8a) that is immobilized with respect to a reaction member (e.g., the rotatable spacer sleeve 80) by being attached to said datum point (i.e., the point where the coupling arm 8a and the spacer sleeve 80 are attached to each other)."[4] See Mot., Willemson Decl. Ex. 1. Thus

---

[4] The diagrams from the German patent to which KSR refers are provided as Attachment 1 to this opinion and order. The rotatable spacer sleeve is not numbered in Fig. 1; but the Court has inserted the number 80 in that particular diagram to reflect its location.

6

in its motion, KSR argues that the Court should interpret the term "reaction member" as describing the rotatable spacer sleeve 80. In its reply brief, however, KSR proposes that the term "reaction member" can be properly interpreted to cover, not only rotatable sleeve 80, but also any of the "operating levers" 11, 12, 13 that are attached to coupling pairs 7, 8, 9, respectively (see Att. 1, Fig. 1). See Reply at 3-4. Cicotte responds that KSR has arbitrarily selected a part (now parts) from the German patent to represent the "reaction member" and that this part does not correspond to the "reaction member" described in the '064 patent. This Court agrees.

This Court construes the term "reaction member" described in independent claim 1 of the '064 patent (upon which asserted claim 8 depends) as the pushrod for the brake, clutch, or accelerator cable which is represented as 84 in Figure 6A of the patent. See Att. 2. The language at issue in Claim 1 (i.e. the italicized language) describes the stable (i.e. fixed) attachment of the rotatable link means 62 to the reaction member 84 at a datum point. The written description in the '064 patent defines the "reaction member" as the vehicle control element upon which the control pedal operates, i.e. "the pivot eyelet of a master cylinder pushrod for a clutch or brake pedal" or "typically a flexible cable by which the fuel system is operated." See '064 patent, col.3 l.48-55; col.7 l.16-18; col.9 l.18-22. The '064 patent in fact describes an invention providing for consistent positioning of the reaction member 84 (i.e. no exertion of pressure on the brake, clutch, or accelerator) during the adjustment of pedal arm 70 by way of attachment of the reaction member 84 to the rotatable link 62 at a datum point. See id. & col.4 l.60-67; col.5 l.1-3; col.5 l.31-40. As the '064 patent further describes, the invention attaches to the existing cylinder pushrod (reaction member 84) at a fixed

7

datum point and therefore "can be readily adapted to fit conventional control pedal assemblies without significant modification" or the "need to relocate the brake cylinder pushrod or accelerator cable from its current position." See, e.g., col.3 l.66-col.4 l.8; col.11 l.3-5.

The properly construed "reaction member" of claim 1 therefore does not correspond with either the rotatable sleeve 80 (as KSR initially contends) or with any of the operating levers 11, 12, 13 (as KSR contends in its reply brief) of the German patent. Although the German patent states that the operating levers 11, 12, 13 "act on the clutch, the brakes or are used for acceleration" (see Stark Decl. Ex. 6), neither of these elements of the German patent is an existing conventional cylinder pushrod eyelet or flexible cable contemplated by the "reaction member" disclosed and claimed in the '064 patent. The German patent does not describe the connection between operating levers 11, 12, 13 and the conventional vehicle control element, and the Court presumes that this is the reason KSR had to make a strained construction of the term "reaction member" in its effort to show that the German patent anticipated the '064 patent. For these reasons, the Court concludes that the properly construed claims 1 and 8 of the '064 patent are not invalid based on anticipation under 35 U.S.C. § 102.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment of invalidity is **DENIED**;

8

**IT IS FURTHER ORDERED**, that Plaintiff's motion to strike Kruger's declaration and computer animation is **DENIED AS MOOT**.

_____
PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Ernie L. Brooks, Esq.
Kenneth J. McIntyre, Esq.
James W. Dabney, Esq.



Fig.1

K 002214

Attachment 1



Fig.2

K 002215



Fig.3

K 002216

U.S. Patent     Oct. 20, 1998     Sheet 3 of 5     5,823,064



FIG. 5B

FIG. 5A

FIG. 6B

FIG. 6A

Attachment 2